UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEVE GOLDEN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0432-23-0167-I-1 |
| 　　v. | |
| DEPARTMENT OF COMMERCE,<br>　　　　　　Agency. | DATE: August 1, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David A. Branch, Esquire, Washington, District of Columbia, for the appellant.

Robert Gregory Palmer, Esquire, and William Christopher Horrigan, Esquire, Alexandria, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his performance-based removal and denied his affirmative defense of failure to accommodate. On petition for review, the appellant challenges the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's finding that he failed to prove that he was disabled, and that the agency failed to accommodate his disability. Petition for Review (PFR) File, Tab 1 at 7-9. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The administrative judge correctly found that the appellant's performance-based removal was supported by substantial evidence. Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 8-9.[2]  In finding that the

[2] Below, the parties stipulated that all elements of the agency's burden of proof under 5 U.S.C. § 4303 have been met. IAF, Tab 17 at 1 & n.1. The parties also specifically stipulated that the appellant's performance was unacceptable both prior to and during the performance improvement period (PIP). *Id.*; *see Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021). The Board's regulations provide that the parties may stipulate to any matter of fact and that such stipulations satisfy a party's burden of proving the fact alleged. *See* 5 C.F.R. § 1201.63; *see also Anderson v. Tennessee Valley Authority*, 77 M.S.P.R. 271, 275 (1998). The elements necessary to support a chapter 43 action concerning whether the Office of Personnel Management approved the appraisal system, whether the performance standards were communicated to the appellant, whether the appellant was warned of performance inadequacies, and whether the appellant's performance was unacceptable prior to his placement on the PIP and following the completion of the PIP are pure questions of fact and were, thus, properly stipulated to and relied on by the administrative judge. However, stipulations concerning matters of mixed fact and law are not binding on the Board, and the Board must resolve for itself whether the agency

appellant failed to establish his affirmative defense of failure to accommodate, she concluded that the appellant failed to present sufficient evidence that his inability to work was caused by a disability, and that, even if he had, the agency nonetheless engaged in an interactive process with him to find an acceptable accommodation, did accommodate him to the best of its ability, and that the appellant failed to identify what, if any, accommodation the agency could have provided him with but did not. ID at 10-14. We agree that the appellant failed to establish that the agency failed to accommodate him, and the appellant's arguments on review do not provide a basis to disturb that conclusion. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶3        However, with respect to the administrative judge's threshold finding that the appellant failed to prove that his inability to perform satisfactorily was due to a disability, we acknowledge that the appellant's testimony that he regularly heard high-pitched noises and voices that threatened him and that he perceived that lasers were extracting information from him and his dog, patently suggests a mental health condition. IAF, Tab 18, Hearing Recording (HR) (testimony of the appellant). Nonetheless, the administrative judge is correct that the record contains no medical diagnosis of a physical or mental health condition or disability, and the appellant himself does not appear to believe that his experiences were the result of a mental health condition but rather, the work of his prior employer.

---

proved such matters. *See Anderson*, 77 M.S.P.R. at 275. Here, the elements concerning whether the appellant's performance standards are valid and whether the agency provided the appellant with a reasonable opportunity to improve his performance constitute matters of mixed fact and law. Nonetheless, the appellant has not challenged that the agency met its burden of proof with respect to these elements, and the record otherwise supports that conclusion.

¶4       We need not determine whether the administrative judge's finding with respect to whether the appellant suffers a disability is correct, however, because the Americans with Disabilities Act (ADA)[3] requires an employee to show that he is a <u>qualified</u> individual with a disability to be entitled to a reasonable accommodation. 42 U.S.C. § 12112(a); *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29. To be a qualified individual with a disability, the appellant must show that he can "perform the essential functions of the . . . position that [he] holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 36, ¶ 28. Here, the appellant has not argued that he could perform the essential functions of his position had only the agency granted him a reasonable accommodation. Indeed, the appellant has not identified any accommodation that would have addressed his mental health condition in such a way that his performance would improve. Accordingly, regardless of whether the appellant proved that he was disabled because of a mental health condition, he has failed to prove that he is a <u>qualified</u> individual with a disability. Based on the foregoing, we ultimately agree with the administrative judge's conclusion that the appellant failed to establish his failure to accommodate affirmative defense, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

      You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. The standards under the ADA, as amended by the Americans with Disabilities Act Amendments Act of 2008, have been incorporated into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Id*.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.